The Honorable Judge of the United States Court of Appeals in and for the 7th Judicial Circuit, hearing D, hearing E, hearing B. All present have submitted this before this Honorable Court. I remind you to draw your hand to get your attention to the Court-in-Law sitting. Good morning, everyone. Welcome. Our first case for argument this morning is Jermaine Wilson v. City of Evanston. Mr. Flaxman, good morning. May it please the Court, this case involves arrestee property. The threshold question, I suspect, is why is this case different than Conyers v. City of Chicago and Kelly Lomax v. City of Chicago, which were also cases involving arrestee property where the Court found in favor of the municipality. I have several answers to that question. Unless there are others in the Court, I'll respond to my own question. That's a good one to start. Thank you. Kelly Lomax flagged two issues that the Court stated had not been resolved in Conyers, which I think the Court made plain that it was leaving those issues for another day in Kelly Lomax. It wasn't deciding them. The first issue is whether 30 days is too short to declare property abandoned. The Court in Kelly Lomax described Conyers as leaving timing open, and it wrote that in both Conyers and Kelly Lomax, the plaintiffs had argued that the municipality was required to hold the property forever. They talked about to wait a lifetime to hold property. Plaintiff in this case does not advance a wait-a-lifetime argument. Plaintiffs here rely on the time period Evanston set out in its lost or abandoned property ordinance, which is 60 days from the date of final disposition of court proceedings when, as for the property at issue in this case, the court proceedings in connection with the property were seized or otherwise taken possession of or resolved. Mr. Flaxman, is it the position of 60 days, or is it an application of the Evanston Municipal Ordinance? What I'm trying to discern is whether or not that ordinance's applicability affects plaintiff's argument with regard to the timing. Well, that is plaintiff's argument, that Evanston should be bound by its ordinance and wait the 60 days until there's a termination of judicial proceedings. That's what our position is. What if the ordinance does not apply because it's not lost or stolen property? Well, I think then we lose that argument by relying on the ordinance. However, the Illinois rules of statutory construction are clear that the title of a statute does not control over the plain language of the statute. And I think the same rule applies to ordinances. In this case, it's clear if you put aside the title of the statute, lost or mislaid property, but just look at where it talks about property seized in connection with an arrest. And this property is seized in connection with an arrest. It's inventoried when the arrestee comes into the lockup and it's held for safekeeping. And then at some period of time thereafter, it's sold or destroyed. The time limit in this case is different than the time limit in the two Chicago cases. There was an ordinance that the court construed that said 30 days after we get it, it's presumed to be abandoned. In this case, the time period wasn't set by the legislature or the city council. It was set by a management analyst who said, well, I think 90 days, which was the policy, the time period when he came into his position is too long. I want people to have an incentive to pick up their property, so I'm going to make it 30 days. That time limit, that judgment of the management analyst should not be entitled to the deference of a legislative declaration or enactment that 30 days is a reasonable period. Let me ask you on the procedural due process argument. Is that an argument that you're pressing on appeal? Page 29 of the appellee of the city's brief says that that's been waived. What's your response? I don't think it's waived. I think it's clearly in the opening brief and it's in the reply brief. That's one of the claims that was at issue in Kelly Lomax but not in Conyers. In Kelly Lomax, the court said, well, the appellant does not present us with any authority showing that sheriffs had a duty at the time in the 1800s when the 14th Amendment was enacted to hold on to property, to safeguard property that they seized. And in the reply brief, we cite, I think, an 1852 Kentucky case, an 1878 or 1873 decision from the Alabama Supreme Court, which make it clear that it was settled law then that when a sheriff seizes property and is holding it, he's liable for any damage to that property that he's required to safeguard it. I want to bring you back to the procedural due process, though. Procedural? No, we're not. I'm talking about procedural due process. Okay. So there's a lot of language not cited in the blue or the gray brief. Is that an argument? Obviously, it's an argument that was dealt with below. The question we have is the appellee is arguing this has been waived. We're not talking about procedural due process. They're given notice, but they're not given an opportunity. No matter what the procedure is, even if there was a jury trial, I don't know what the issue would be, there isn't enough process that allows the sheriff or the city or the police department to seize property that it's holding for safekeeping, other than substantive due process clause of the 14th Amendment. So on appeal, you're advocating substantive due process, but not procedural due process. That's correct. Thank you. And sometimes I get the two confused, and I have to sit back and maybe take a nap to wake up and look for hope. But I believe it's substantive due process, that we're just saying no matter what the procedures are, the city or the sheriff or anybody can't take property and seize it and not safeguard it. That's been a longstanding tradition that those cases weren't presented or ruled upon in Kelly Lomax. Every now and then, we deal with issues that are more fundamental and, in essence, precede the dichotomy between procedural and substantive due process. And here, there's just property rights at stake, which are pretty fundamental. But I'm troubled, Mr. Flaxman. I'm confused about a couple of things. One, is what you're bringing a facial challenge to the 30-day policy or an as-applied challenge, would you say? Well, the complaint wasn't framed that way, and it wasn't argued that way. And that became more important and more clear of an issue when it was flagged by the court in Kelly Lomax. Our position about the 30-day policy is that it's too short to say, to assume, to presume that property has been abandoned if it's not claimed within 30 days. Especially when, as in this case, the arrestees are being held at the Cook County Jail and can't come and pick up their property, can't ask that the property be sent to them at the jail. So, at least it would be unreasonable, in your view, as applied to many of the people who are subject to it. Yes. Not just the specific situation of your folks. The city, as I recall, is telling us that only about 10% of the people fail to claim their property. Those are the people who were held at the Cook County Jail for more than 30 days. But I also am a little confused by something this morning. It sounds like you're in federal court to enforce a local ordinance. Well, we're not. The local ordinance sets out the policies of the city as to how long it should hold property until it becomes clear that there should be a presumption that it's abandoned. Right, but if the city is violating that ordinance by applying this 30-day policy, why isn't your remedy in state court to enforce the ordinance? The city is immune. The city can't be sued. With equitable relief or something else? Well, you can't get equitable relief once the property has been destroyed. You can't resurrect it and give it back. You can't sue the city for damages because of the tort claim immunity it has for its handling of property. That's settled. I think we argued that before the Fifth Amendment was a way to proceed in federal court, there was no available state court remedy. And the district judge said, well, you have to go there and lose to be absolutely sure. But the law is absolutely clear that you can't sue a municipality for what it does to property under state law. Why not just an injunctive, why not an injunction on behalf of the class in state court to require the city to comply with its ordinance? By the time, well, I think by the time these people came forward and found counsel, the property had been destroyed. The right state court action, which nobody's brought, is against the sheriff for saying, I'm not going to, you're required to hold this property, I'm not going to take it. That's a state law question, which is not, no one has brought that. It's the sheriff of Cook County. Yeah, the sheriff of Cook County, under state law, we believe should be holding this property, but it's prevailed upon the municipalities to hold it. And they say, we'll hold it for some period of time, then we're going to destroy it or we're going to sell it, but we're not going to give you any money. That's also an issue that was flagged in Kelly Lomax that we argued in our summary judgment brief where we talked about how none of the proceeds of this, of the sale is given to the, given to the plaintiffs. The district judge, I think I've covered what my issues are. And if there are no further questions, I'd like to reserve. That's fine. Thank you. Mr. Horwitz. Good morning. May it please the court. Your honors, plaintiffs seek to challenge the constitutionality of Evanston's property disposal policy as applied to unclaimed arrestee property. This is property that is not, that the sheriff does not accept upon transfer of the arrestee from the Evanston police station to the Cook County Department of Corrections. This is property in which Evanston is forced to act as an involuntary unpaid bailey. Plaintiff, the district court, this court should affirm the district court's ruling granting summary judgment as to procedural due process, substantive due process, and finding that there was no claim stated as a takings claim. I'd ask that based upon counsel's argument stating that on appeal he advocates only for a substantive due process claim, I will not address the procedural due process issues with respect to the argument. Focusing on the substantive due process argument, the district court properly ruled that counsel did not apply the proper framework. As your honor pointed out, well, first, there's two hinges when we talk about this 30-day rule or the 30-day notice. One, plaintiff advanced in his, plaintiff advanced in the district court that it should be held for an indefinite period of time. Why, while, excuse me, the arrestee is a pretrial detainee. An indefinite period, but not 30 days, 60 days, 90 days, whatever. Presumably there's an outer limit for pretrial detention, right? I don't know what that is and the plaintiff didn't advance it. Is the ordinance written in terms of the conclusion of court proceedings? No. The ordinance is, I'm sorry, the lost or stolen property ordinance? Yes. I'm sorry. I confused with respect to the policy. No, your honor. The lost or stolen property, actually, the lost or stolen property ordinance is written with respect to, I believe, the 60 days of conclusion of court proceedings. However, your honor, as the court noted, the application of the lost or stolen property ordinance in this case, we wouldn't be here. A violation, an alleged violation, one, the ordinance doesn't apply. It applies to lost or stolen property, which the property here is not lost nor is it stolen. Plaintiffs know where the property is at and plaintiffs presume that it is their property. But two, also, your honor, it's a violation of a state law or ordinance. It's not a constitutional violation and not the subject of a substitute process claim. That's an issue we'll need to deal with. But is the ordinance, regardless of its title, written in terms of property seized by the police in an arrest? Upon the arrest of, yes. But it's a different type of seizure. Here, there's no issue with respect to the question of the seizure of the property in this case. Does this fall within the language of the ordinance? No, your honor. No, it does not. Why not? No, it does not. Because it's not the type of property that is subject to the ordinance, your honor. And also, too, I'm sorry, I don't want to cut you off, but I certainly want to address your question. Well, Mike, I'm concerned about the argument plaintiffs are making about the difference between a narrow title to an ordinance and broad language. Your honor, it's clear from the context of the ordinance applies to property that is seized by an arrestee, subject to a criminal proceeding, and then could be by an FD. Seized from an arrestee? Seized from an arrestee. So why is this not within the scope of that ordinance? Because there's no issue with respect to the seizure here. They are taking the property upon That's not agreed. I mean, we agree with that. I think everybody agrees the seizure was legitimate in connection with the arrest. But it sure sounds like property seized from an arrestee. Your honor, it's a different, I would submit that it's a different type of seizure. And I further submit that. And how do you get from that? How do you get that out of the text of the ordinance? Because it is property that is seized that is subject to the criminal proceeding. Here, it's not subject to the criminal proceeding. It's simply personal property that is not being taken. Otherwise, it wouldn't even be maintained by the Evanston Police Department if the Cook County Sheriff's Office would accept it. It's simply property in which the Evanston is forced to be held as an involuntary bailee. A violation of state court does not consist of a constitutional violation. Furthermore, your honor, the right, this is substantive due process. If indeed, the right is that what they're seeking to have is that Evanston act as an involuntary bailee for an indefinite period of time for the property. That's not contemplated by Dobbs. Nor is the property that's not contemplated by Dobbs. By Dobbs? By Dobbs versus, by the Supreme Court decision in Dobbs, your honor. Are you talking about the abortion decision? Yes, your honor. There's no historical root. How did we get from seized property to abortion rights? Well, because this is, I mean, if you have a substantive due process, you have to have a fundamental right. You have to have a fundamental right for application of strict scrutiny. Plaintiff, for the first time, argued strict scrutiny in his appellate brief. Never argued rationally. Never argued otherwise. And as this court never argued otherwise, the deprivation of property as stated in Lee v. City of Chicago is not a fundamental right. It's subject to rational, to a rational basis. I thought we clarified, though, that property is pretty fundamental. Right? Go back to the Fifth Amendment. Life, liberty, and property without due process of law. Right? Yes, your honor. Okay. So. But there's no. We don't take lives on a rational basis. Right? We don't take liberty on a rational basis. Do we? Understood, your honor. But Lee v. City of Chicago forecloses such a claim. Further, your honor, there is no historical roots, as what I was trying to get with respect to Dobbs, that there is no historical roots for a fundamental right for the. . . It's not just possession, ownership, or property. It's for the city. They're seeking the city to act as an involuntary bailee for an indefinite period of time. No. I think you're seeing this from the city's point of view, which I understand. But from a citizen's point of view, the government has. . . Well, this person is presumed innocent when he's arrested, right? Yes, your honor. And throughout the pretrial detention, right? Yes, your honor. Okay. So a presumed innocent citizen has government seize property from him. Right? And so you're complaining, oh, my gosh, we have to be an involuntary bailee. Well, you guys arrested him. That's your job. It's part of what the government does, just like it's supposed to take care of people's health needs when they have them in prison. You may be an involuntary health care provider on the same sort of logic, but you still have to do it, right? Understood. Okay. So I guess I'm having trouble with the implications of this, oh, we're an involuntary bailee argument. You've taken his property. You have to deal fairly and responsibly with it. I'm not applying any particular constitutional test to that. It just seems to me pretty basic when you're talking about property that's been seized from someone against his will. It's legitimate. It's lawful to do it, but obligations go with that. So I'm trying to understand how far those obligations reach. Your policy refers to a statute, right? Correct, your honor. Which statute does it refer to? The record's silent on that issue, but I respect, your honor, that it's a legal question. What's the statute referred to in the policy? What could it be? Plaintiffs have suggested it's a state statute that refers to 60 days, okay? One, that's a state statute as opposed to ordinance. But two, the record is silent as to such. But three, your honor, I don't believe that it matters with respect to statute or municipal ordinance. Okay, so you rewrite your policy to say seven days. Pardon me? Okay, suppose you rewrite your policy. The analyst comes in and says seven days, and we'll deem it abandoned. Is that constitutional? Your honor, that's not before the court, but I would argue that from a plaintiff's perspective. I know it's not before the court, counsel. From a plaintiff's perspective, I would argue that that was no rational basis in doing so. Here, Mr. Wasowitz switched from the Skokie Police Department to the Evanston Police Department, saw that the Evanston Police Department can change their policy and make it more efficient for the arrestee to reclaim their property based upon the new procedures of allowing an arrestee to, a designated individual, designated representative, contact the Evanston Police Department if they need more time. They can have their attorney enter an order or contact their attorney. They could social work. They could have a number of different ways. Here, as applied to the plaintiffs, they did nothing. It wasn't destroyed until nine months later after their arrest. Further, your honor, the point of being with respect to Mr. Wasowitz's decision, he modeled it after the Skokie Police Department. What's his authority to do that? As the administrator and policymaker with respect to the property for the Evanston Police Department. What's the relationship of his authority and the actual ordinance that's on the books? You've got an ordinance that apparently, at least in terms of the language of the ordinance itself, covers this, and the analyst comes in from Skokie to Evanston. Pursuant to what authority, it's unclear. He's acting to change the ordinance by policy fiat apparently that is unclear. I'm trying to get some understanding of the relationship between the analyst's authority and the actual ordinance that's on the books. Yes, your honor. Can you explain that? Yes, your honor. I submit that the analyst, Mr. Wasowitz, and when I say analyst, he's a property administrator for the city of Evanston from Skokie Police Department. And he has the authority to vary the policy in your lockup from what the ordinance says? Your honor, he has the authority to vary the prisoner property receipt policy with respect to the disposal of unclaimed arrestee property. It's not just a matter of how it's receipted. It's a matter of the substance of the policy, that the city is declaring the property abandoned after 30 days. That's your legal position here, and I'm trying to understand his authority to depart from the terms of the ordinance. He's not departing from the terms of the ordinance, your honor. He's not departing from the terms of the ordinance, as the ordinance and the policy are two separate things. Again, you submit that the ordinance doesn't apply, and even if it applied, that would be state law. But two, here, just as in Turner v. Safely, the finding that prison policies are valid if they are reasonably related to a legitimate penological interest. Is there a state law remedy for aggrieved arrestees to challenge this policy as a violation of the ordinance or of state law? Certainly. Bring it in state court. Plaintiffs never challenge that. What's the cause of action? Plaintiffs never challenge that. What's the cause of action, and how does the immunity statute apply? Well, that was never argued, so that would be waived, your honor. We're trying to figure this out. But addressing. We're trying to figure this out. It's a mess. So please don't try to waive off the claim, the questions. Understood, your honor. What's the answer to Judge Sykes' question? The answer is, your honor, that it would be some type of perhaps conversion claim, some type of trespass claim. I'm not sure because I'd never brought such a claim, but as far as immunities, certainly the municipality has immunities under the Tort Immunity Act, and it would be for the courts to determine whether they applied. So it sounds like you've laid a pretty good foundation for a takings claim here. No, your honor. Why not? Because there is no takings claim alleged in the amended complaint. So what? These alleged facts. And the facts that you've set forth add up to a taking of property. If these procedures are unreasonable, and they certainly sound like they were improvised in the face of contrary language in an ordinance, relying on a statute that nobody can identify. Well, I respectfully disagree with that position, your honor, but I also submit that, one, that the second amended complaint did not argue a takings claim, but two, Kiners and Kelly Lomax both foreclosed any such type of takings claim, as here the property was not taken for the purpose of public use as it was an abandoned property after the 30 days. That's just a sort of hocus-pocus, wave your hands. Your property was now, we are deeming your property abandoned, and so we get it. And we can either destroy it or we can sell it and we can keep the money, right? I disagree that it was any type of focus on presumptively abandoned. I believe the focus was more so. That's the theory, isn't it? Pardon me? That's the theory, abandonment, right? Yes, your honor, but I believe the focus is the fact that plaintiffs knew what property was being held. They knew the procedures for holding that property. They knew what would happen, and as it's here, disposed of within 30 days, if they didn't take action. Here, plaintiffs took no action whatsoever. We're talking, though, about people who are in jail, may or may not have a lawyer, may or may not have relatives or friends that they would trust with the property that the Cook County Sheriff won't take, right? Your honor, in this case, plaintiffs both had attorneys. In this case, Mr. Sanders actually designated one person, and I believe two people, they just didn't appear. They just never came to pick up the property. Was this the girlfriend? The girlfriend and then Mr. Lee, another friend. And also, too, your honor, Mr. Sanders contacted, well, I believe Mr. Lee contacted the department to ask for an additional 30 days, Mr. Lee being the friend, and Mr. Sanders contacted the Evanston Police Department from jail asking for Mr. Lee to be designated as the designated representative. But there's no evidence in the record what actions Mr. Lee took thereafter to be able to secure such property. So certainly, there is no evidence in the record. I don't believe it shows what actions Mr. Lee took within that time period before it was destroyed after that nine months of arrest to secure that property, your honor. This was decided on the pleadings? Pardon me? This was decided on the pleadings? I motion for summary, yes, your honor. Sorry, summary judgment or plea? On summary judgment, your honor. It was decided on summary judgment. Oh, sorry, sorry. Yeah, we had first Judge Lee's ruling on the motion to dismiss and then on summary judgment. Your honor, I see my time has expired. May I briefly conclude? Yes, please. Your honors, thank you for your time. We submit that based upon the arguments today, in addition to the arguments made in the briefs, that these courts should affirm the district court's holding. Thank you. Thank you. Mr. Flaxman. Just one point, and then if there are any other questions. My friend, Mr. Obritz, talked about that we did not allege of the Fifth Amendment in the Second Amendment complaint. That's it, document number 56. That complaint follows this court's teachings about alleging facts, not alleging law, and I searched for the word amendment in the complaint, and it's not there. We talked about 1983. We didn't identify any particular constitutional provisions, and there was no objection made to that below. If there are any questions, I'll be glad to. Thank you. Thank you. Our thanks to both counsel. The case is taken under advisement.